# IN THE MATTER OF THE APPLICATION OF TOKU SAKAI FOR A WRIT OF HABEAS CORPUS.

## March 4, 1916.

*Aliens—Immigration—Deportation proceedings:* Under testimony taken before immigration officers in deportation proceedings, finding of such officers not disturbed. Misnomer of alien as "Toku Taki" instead of "Toku Sakai," in preliminary order for arrest in deportation investigation, held immaterial.

*Habeas Corpus:*   Hearing on return to writ.

*G. A. Davis* and *W. T. Rawlins* for petitioner.
*H. W. Vaughan,* U. S. District Attorney, for respondent.

CLEMONS, J.   This case, in which the writ of habeas corpus issued, has been submitted on the record, including not only the record of proceedings before the immigration officers and before the Secretary of Labor, but also the verified petition of the alien, and the verified return of the respondent the immigration inspector in charge at the port of Honolulu and his verified amended return, having thereto annexed the transcript of record of proceedings in the whole matter of the alien's arrest as a deportable alien and of the hearing and consideration pursuant to the warrant authorizing arrest.

The petitioner's counsel claim that she did not, as alleged by the government, admit having practiced prostitution in the United States, but that in her examination there was nothing showing where she had so practiced.   But her testimony was that she had "been practicing prostitution" . . . "about one year and . . . before that time." (Transcript, 2), and her petition (page 1, par. I) shows she had been a resident of this Territory for eleven years before her arrest.   The consequent inference is that she was in the Territory at the time of her unlawful act, and that inference is an additional reason why the finding of the Secretary of Labor should not be disturbed.   See *In the matter of Chiye Kajikami* (No. 92) decided Feb. 21, 1916, unreported; *In the matter of Eitaro Yamada,* (No. 97) decided Feb. 16, 1916, ante, p. 664.

The fact that the alien is named "Toku Taki" in the preliminary telegraphic order for her arrest, is immaterial. In subsequent proceedings and orders her name was given, as here given, "Toku Sakai."   And,—to meet an argued contention,—it does not matter that the prejudicial admis-

sion which the alien made was made in an investigation had pursuant to that order in which she was differently named. This alien was the person who made the admission and it stands against her, and the immigration department rightly took advantage of it, whatever her name might be: her identity, and not her name, is the important thing.

The ground of want of counsel and the other grounds of objection to the deportation proceedings, are insufficient to justify the petitioner's release from custody.

Let the writ be discharged and the petitioner remanded to the custody of the respondent.

*Affirmed, Toku Sakai v. United States,* 239 Fed. 492.